2 Ill. App.3d 993 (1971)
278 N.E.2d 408
THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v.
JOSEPHUS WILLIAMS, Appellee.
No. 53624.
Illinois Appellate Court  First District.
September 23, 1971.
Gerald W. Getty, Public Defender, of Chicago, (Fred Shandling, Assistant Public Defender, of counsel,) for appellee.
Edward V. Hanrahan, State's Attorney, of Chicago, (James Veldman, Assistant State's Attorney, of counsel,) for the People.
Judgment affirmed.
Mr. JUSTICE DEMPSEY delivered the opinion of the court:
The People appeal from an order which dismissed an indictment for attempted murder. The order was entered pursuant to section 114-1(1) of the Code of Criminal Procedure (Ill. Rev. Stat., 1967, ch. 38, par. 114-1) upon the ground that the defendant, Josephus Williams had been in custody for more than 120 days without having been brought to trial; that he had not requested a continuance or caused the delay and was entitled to be discharged under section 103-5 of the Code of Criminal Procedure. Ill. Rev. Stat., 1967, ch. 38, par. 103-5.
Williams was incarcerated on September 29, 1967, for the murder of Ambrose Lane and the attempted murder of William Thompson. A preliminary hearing was held and he was bound over to the grand jury on *994 both charges. He was held without bond on the murder charge; a bond of $25,000 was set on the attempt murder. In October 1967, he was indicted for the murder. No indictment was sought or returned for the attempt murder and Williams remained in custody on both charges. On June 5, 1968, an indictment was returned charging him with the attempt murder. He filed a petition for discharge under the four-term act, the court granted his petition and the State appeals.
Williams was held in custody on the murder charge from the date of his arrest until the case, on motion of the State, was stricken-with-leave-to-reinstate. He was responsible for some of this delay. The case was continued from time to time, sometimes by order of the court, sometimes on motion of the State and sometimes on motion of the defendant; a Behavior Clinic examination was ordered and the case was also continued for this purpose. But Williams was not responsible for any part of the nine-month delay on the attempt murder charge for which he was also held in custody from the date of his arrest in September 1967, until the date his petition for discharge was allowed, July 1, 1968. The State waited from September 1967, to June 1968, before presenting the attempt murder case to the grand jury. Because it had chosen to proceed on the murder charge alone, the State, and only the State, was responsible for the separation of charges and the long delay in obtaining the attempt murder indictment.
The State seeks to transfer the defendant's motions for continuances in the murder case to the attempt case and further argues that since the defendant was given an examination to determine his competency to stand trial on the murder charge, it cannot be assumed that he was ready for trial on the attempt charge. Both contentions are meritless and the arguments made in support of them fallacious. The indictment on the attempt murder charge was not before the court when the continuances were requested. The continuances in the murder case did not toll the running of the four-term act in the attempt case. The Behavior Clinic examination did not delay the indictment of the attempt case and the continuances had no relevancy to a case that was not in court. Further, more than the 120 days within which the defendant had a right to be tried had elapsed between the September arrest and the date the Behavior Clinic order was entered; thus, his right to be discharged had accrued before the competency examination was ordered.
 1-3 To give effect to the constitutional and statutory right to a speedy trial, the period in which the trial must be held dates from the time of the arrest and not from the date an indictment is returned. (Guthmann v. People (1903), 203 Ill. 260.) The right to a speedy trial is not a discretionary right to be lightly considered, but is an absolute right conferred by *995 the constitution and expressly limited by statute. (People v. Szobor (1935), 360 Ill. 233, 195 N.E. 648.) Williams was in custody for nine months on the attempt murder charge. Since he was not tried within 120 days and had not occasioned the delay, his right to a speedy trial was violated.
The judgment is affirmed.
Judgment affirmed.
McNAMARA, P.J., and McGLOON, J., concur.