THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. GLENN T. HOWARD, Defendant-Appellee.

Fifth District   No. 5—89—0590

Opinion filed November 30, 1990.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Kendra S. Mitchell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Rosemary D. McGuire, of Brennan, Cates & Constance, P.C., of Belleville, for appellee.

PRESIDING JUSTICE LEWIS delivered the opinion of the court:

The State appeals the circuit court's order granting the defendant's, Glenn T. Howard's, motion to dismiss for violating his right to a speedy trial under the statute. (Ill. Rev. Stat. 1989, ch. 38, par. 103—5.) On appeal, the only issue raised by the State is that the circuit court abused its discretion in determining the delay to be attributed to the defendant.

In order to consider whether the charges against the defendant were properly dismissed, a statement of the pertinent facts is necessary. On June 1, 1988, the defendant was arrested for two charges of disorderly conduct. (Ill. Rev. Stat. 1987, ch. 38, par. 26—1(a)(5).) On both of the arrest tickets it was stated that, on May 26, 1988, the defendant "knowingly had [Y.S.,] who is seven years of age, remove her clothes for a lewd purpose, or unlawful purpose of looking for sexual arousal of said defendant." The defendant posted bail for the two offenses on June 8, 1988. David Rand, an attorney, filed an entry of appearance and a demand for a jury trial for the disorderly conduct charges on July 5, 1988; however, on July 11, 1988, Judy Cates, another attorney, filed an entry of appearance, a plea of not guilty and a demand for a jury trial pursuant to sections 103—5(a) and (b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, pars. 103—5(a),(b)). A motion for substitution of counsel was filed by the defendant on July 20, 1988, and in this motion, the defendant asked that he be permitted to substitute Judy Cates as his attorney of record in lieu of David Rand. An order granting this motion was entered that same day.

Subsequently, on or about July 21, 1988, the State filed a criminal information in which the defendant was charged with four counts of battery. The charges were based upon the same facts and circumstances of May 26, 1988, which formed the disorderly conduct charges, but involved four different victims: Y.S., M.G.B., M.B., and H.M. Upon filing of the information with the circuit clerk, the clerk

assigned each count of the criminal information with a different case number and created a file for each. Count I of the information was assigned case number 88CM4177 and charged the defendant with the offense of battery (Ill. Rev. Stat. 1987, ch. 38, par. 12—3(a)(2)) for touching Y.S. when he attempted to remove her clothing. Count II of the information was assigned case number 88CM4178, and in this count, the defendant was charged with the offense of battery for squeezing the buttocks of M.G.B. with his hands. Count III became case number 88CM4179 and charged the defendant with the offense of battery for placing his hands on the vagina of M.B. Count IV, which became case number 88CM4180, charged the defendant with the offense of battery for placing his hands on the vagina of H.M. The defendant posted bond for these offenses on July 22, 1988. On July 25, 1988, Judy Cates filed another entry of appearance, a plea of not guilty, and a demand for a jury trial pursuant to sections 103—5(a) and (b) for these offenses. (Ill. Rev. Stat. 1987, ch. 38, pars. 103—5(a), (b).) The defendant also filed a motion for discovery on this date. On July 22, 1988, the court entered an order setting the battery charges for trial on September 12, 1988. (We note that the caption of this order refers to the arrest warrant number only and then states this is for five counts. Since there were only four counts under the arrest warrant number, it is unclear whether the two disorderly conduct charges were to proceed to trial that same day.) A hearing for all pending motions on all six charges, i.e., the disorderly conduct charges and the battery charges, was set for August 19, 1988.

On August 17, 1988, the defendant's counsel filed a written motion for continuance of all of the charges pending against the defendant. She asked that these cases be continued as she was pregnant, and on the advice of her doctor, she was to discontinue working until her pregnancy had terminated. The court granted the motion for continuance, and in the court's order, the pending cases were continued until January 4, 1989, at which time a status hearing was to be held.

No further motions were filed, and on January 4, 1989, the status hearing was held on the pending charges. The record does not include a transcript of this hearing; however, the order entered on that date set forth the schedule for the proceedings on the charges. The order stated that all pending motions were to be heard on February 10, 1989; that a pretrial conference was to be held on March 1, 1989; and that the defendant was to be brought to trial on March 13, 1989.

On January 30, 1989, the State filed an amended criminal information in which the defendant was charged with four counts of battery and four counts of criminal sexual abuse (Ill. Rev. Stat. 1987, ch.

38, par. 12—15(a)(2)). The four counts of battery of the amended information were substantially the same as the previous four counts of battery with which the defendant was charged, *i.e.*, the charges were based upon the same facts and circumstances of May 26, 1988, and were against the same four victims. The criminal sexual abuse charges also stemmed from the events of May 26, 1988, and included the same victims as the battery offenses. Again, as with the original information, the circuit clerk assigned each count a separate case number and created a separate file for each. The counts of the amended information were given the following case numbers: (1) count I of the amended information, which was the battery charge involving M.B., was assigned case number 89CM0451, (2) count II, which was the criminal sexual abuse offense involving M.B., was assigned case number 89CM0459, (3) count III charged the defendant with the offense of battery against M.G.B. and was assigned case number 89CM0460, (4) count IV involved M.G.B. and charged the defendant with criminal sexual abuse and was assigned case number 89CM0461, (5) count V, in which the defendant was charged with battery and which involved Y.S., was assigned case number 89CM0462, (6) count VI, which was the criminal sexual abuse involving Y.S., was assigned case number 89CM0463, (7) count VII, in which the defendant was charged with battery against H.M., was assigned case number 89CM0464, and (8) count VIII, which involved H.M. and charged the defendant with criminal sexual abuse, was assigned case number 89CM0465. At the hearing at which the amended information was presented, the State sought no additional bail, and the defendant's counsel asked that her entry of appearance and plea of not guilty filed in the original information be carried over for the amended information. Additionally, the assistant State's Attorney stated that he was filing this information as an amendment of the original information.

On February 10, 1989, an order was entered dismissing the four original counts of battery against the defendant (cases numbered 88CM4177, 88CM4178, 88CM4179, and 88CM4180) on the motion of the State. On February 22, 1989, the State filed a motion for continuance in which the State asked that the trial date of March 13, 1989, be continued as the State would not be available on that date. The defendant objected to this continuance. As a result of the State's motion to continue, the court granted the continuance over the defendant's objection and set the cases for trial on May 22, 1989. The State also filed a motion for discovery on March 6, 1989.

When the charges against the defendant came on for trial on May 22, 1989, the defendant's counsel made an oral motion to dismiss the

charges for the State's failure to give the defendant a speedy trial in violation of the statute. The defendant was given leave to file a written motion to dismiss, which was done on May 31, 1989. Also on May 22, 1989, the judge stated that he had met the four victims involved in the charges in January 1989; therefore, he recused himself from the case.

On May 23, 1989, the defendant again presented his oral motion to dismiss to a new judge. At this hearing, the only evidence presented was the testimony of Rosemary McGuire, an attorney who had appeared in the defendant's counsel's stead at the hearing on the defendant's motion to continue on August 19, 1988, at the status hearing on January 4, 1989, and at the hearing on the State's motion to continue. She testified that at the status hearing, all the pending charges against the defendant were to be set for hearings for motions, a pretrial conference and trial; however, at the time of this hearing, no motions were pending. She stated that on January 4, 1989, the defendant was ready to proceed to trial and she asked for a trial date. The circuit clerk offered the trial date of March 13, 1989. McGuire denied that she agreed to a continuance to the March 13, 1989, trial date. On May 31, 1989, an order was entered granting the defendant's motion to dismiss all of his pending charges. In the May 1989 order, the court found that the time for a speedy trial began to run for the disorderly conduct charges on July 6, 1988, and ran until August 17, 1988, the time of the filing of the defendant's motion for continuance, which totalled 43 days. The defendant's motion for continuance suspended the time for speedy trial purposes, until January 4, 1989. The court concluded that after January 4, 1989, and until the time of trial on May 23, 1989, the defendant had done nothing to occasion a delay of the trial. The court determined that the time from January 4, 1989, onward was attributable to the State, a time period equalling 139 days. Since the time on the disorderly conduct charges which was attributable to the State totalled 182 days, well beyond the 160-day statutory requirement, the court dismissed those charges. With regard to the battery charges filed on or about July 21, 1988, the court determined that the time on these charges began to run on July 26, 1988, and again went to the time of the defendant's request for continuance on August 18, 1988, which time period equalled 23 days. The court again attributed the time of the defendant's continuance, from August 18, 1988, until January 4, 1989, to the defendant. The remaining time, from January 5, 1989, until May 23, 1989, the court attributed to the State, for a time period of 139 days. The court further found that the new charges filed on January 30, 1989, related

back to the original information of July 1989. Based on the foregoing calculations, the court determined that the time period attributable to the State for the battery charges and the criminal sexual abuse charges totalled 162 days. Because the time period was beyond that required by the statute, the court likewise dismissed the battery and the criminal sexual abuse charges.

On appeal, the State does not dispute the time period attributed to it up until the date of the defendant's filing for a continuance. The State restricts its argument to the amount of time attributable to defendant regarding the time period from January 4, 1989, onward. The State contends that additional time should be attributed to the defendant, i.e., the time from January 4, 1989, to March 13, 1989, as the defendant's request for a continuance did not run until a specified trial date. In other words, the State appears to argue that if a defendant requests a continuance, and there is no specified court date as a result of the continuance, then the defendant must be attributed all the time resulting from the date of the continuance until the cause comes to trial. Alternatively, the State argues that the defendant agreed to the continuance from January 4, 1989, to March 13, 1989. Since the State only disputes the 139 days attributed to the State after January 4, 1989, we will confine our analysis to that time period.

■■ In determining whether a defendant has been denied a speedy trial, section 103—5(b), which is the portion of the statute applicable here, states that a defendant out on bond must be brought to trial within 160 days from the date he makes a written demand for a speedy trial. (Ill. Rev. Stat. 1987, ch. 38, par. 103—5(b).) Subsection (f) of section 103—5 further provides that the 160-day period will be suspended for the time of a delay occasioned by the defendant. Ill. Rev. Stat. 1987, ch. 38, par. 103—5(f).

■■ A delay attributable to the defendant which suspends his right to a speedy trial can result from a defendant filing a motion, from a delay to which the defendant's affirmative acts contributed, or from a continuance to which the defendant has expressly agreed. (*People v. Grant* (1982), 104 Ill. App. 3d 183, 432 N.E.2d 1129.) In computing the period of delay, the first day is excluded and the last day is included in the calculations. (*Grant*, 104 Ill. App. 3d 183, 432 N.E.2d 1129.) The burden of proving that his right to a speedy trial has been violated rests upon the defendant; however, where the record is silent or where the defendant fails to object to a request by the State for a delay, the delay cannot be attributed to the defendant. (*People v. Reimolds* (1982), 92 Ill. 2d 101, 440 N.E.2d 872.) Additionally, whether a delay has been occasioned by a defendant is deter-

mined by the circuit court and much deference must be given to the court's determination. On appeal, absent an abuse of discretion by the circuit court, the circuit court's decision will be upheld. *Reimolds*, 92 Ill. 2d 101, 440 N.E.2d 872.

■ In the instant case, we find that the circuit court did not abuse its discretion in attributing the delay from January 4, 1989, onward to the State. The order of the court granting the defendant's continuance specified that a status hearing would be held on January 4, 1989; thus, the continuance of the defendant was to run only until this specified time. McGuire's testimony given on May 23, 1989, revealed that the defendant appeared at the status hearing on January 4, 1989, and that he was prepared to go to trial at any time thereafter. The record is silent as to whether the defendant or the State made a motion for continuance on January 4, 1989, as there was no transcript of the January 4, 1989, status hearing included in the record, and it cannot be concluded that the defendant expressly agreed to a continuance until March 13, 1989. The defendant neither filed any motions nor did any other affirmative act after January 4, 1989, which would delay his going to trial on March 13, 1989. If the defendant had been brought to trial on March 13, 1989, there would have been no difficulty with the defendant being brought to trial within the 160 days. In fact, the record shows that it was the State who was the party not ready to proceed. The State filed additional charges against the defendant on January 30, 1989 (*i.e.*, the State filed substantially duplicate battery charges and the additional charges of criminal sexual abuse in the amended information filed on this date); the State requested a continuance on February 22, 1989; and the State filed a motion for discovery on March 3, 1989. These facts lead to the conclusion that the ensuing delay after January 4, 1989, was attributable to the State.

■ The State relies on *People v. Siglar* (1971), 49 Ill. 2d 491, 274 N.E.2d 65, to support its contention that a defendant is to be attributed all of the time after a continuance whenever a trial date has not been specified. We do not interpret *Siglar* to stand for this proposition, for to do so would defeat the statutory requirement for a speedy trial. *Siglar* simply states that indefinite continuances are an anathema to the law, and under the circumstances presented in that case, *i.e.*, where the defendant generally continued his case indefinitely, then the defendant is to be attributed with that time. In the case *sub judice*, the defendant did not generally continue his cases to an indefinite date, but he asked that his cases be continued to January 4, 1989, a specific time frame. Thus, *Siglar* is inapposite to this case. Where a

continuance is for a set period of time, the time following that definite period cannot be attributed to the defendant simply because a specified trial date has not yet been set.

Furthermore, where, as here, new and additional charges were filed against the defendant, and it is clear that the additional charges arose out of the same facts and circumstances as the original charges and were known to the State at the time of the filing of the original charges, the time in which the trial must begin on the additional charges is subject to the same statutory limitations as the original charges. (*People v. Rodgers* (1982), 106 Ill. App. 3d 741, 435 N.E.2d 963; *People v. Williams* (1981), 94 Ill. App. 3d 241, 418 N.E.2d 840.) Additionally, previous continuances obtained on the original charges cannot be attributed to the defendant on the additional charges as the new charges were not before the court when the continuances were obtained. (*Williams*, 94 Ill. App. 3d 241, 418 N.E.2d 840.) The speedy trial provisions on the new and additional charges filed by the State in the instant case began to run as of the date of the original battery charges even though these charges were dismissed after the filing of the amended information. The State cannot avoid a speedy trial violation by dismissing and recharging a defendant where it is clear, as it is here, that the new battery offenses charged were substantially the same charges as were originally filed. (See *Rodgers*, 106 Ill. App. 3d 741, 435 N.E.2d 963.) Therefore, under the case law, the time period under the statute had more than run for the charges of criminal sexual abuse which were filed on January 30, 1989, as the continuance from August 17, 1988, until January 4, 1989, was not applicable to those charges.

For the foregoing reasons, the judgment of the circuit court of St. Clair County dismissing the charges against the defendant for failure to bring him to trial within 160 days is affirmed.

Affirmed.

HOWERTON and GOLDENHERSH, JJ., concur.