THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOHNNIE D. HINKLE, Defendant-Appellee.

Fifth District   No. 5—91—0288

Opinion filed September 28, 1992.

Robert Haida, State's Attorney, of Belleville (Norbert J. Goetten, Stephen E. Norris, and Scott A. Manuel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel M. Kirwan and Edwin J. Anderson, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

The State appeals the circuit court's order granting defendant Johnnie D. Hinkle's motion to dismiss the charge of aggravated criminal sexual assault for violating his statutory right to a speedy trial (Ill. Rev. Stat. 1989, ch. 38, par. 103—5). On appeal, the State argues that the circuit court erred in determining that the delay occasioned by a motion to suppress filed by defendant was not chargeable against him as to the aggravated criminal sexual assault charge.

On October 24, 1990, defendant was arrested and a lineup conducted. The following day, October 25, 1990, defendant was charged by information with unlawful use of weapons by a felon (UUW). (Ill. Rev. Stat. 1989, ch. 38, par. 24—1.1(a).) On November 9, 1990, a preliminary hearing was held at which Detective Oliver Fallon of the Centreville police department testified that on October 17, 1990, defendant went to the house of Mr. Lum, produced a weapon and demanded money. Mr. Lum and an individual with him (identified elsewhere in the record as Mr. Pearson) fled the scene. Defendant then entered the house, where he found a 14-year-old girl, who was the niece of Mr. Lum and the stepdaughter of Mr. Pearson. Defendant pointed the weapon at the girl and forced her outside into the weeds, where he sexually assaulted her. Fallon testified that at the lineup held on October 24, defendant was identified by both the 14-year-old girl and her stepfather. At the preliminary hearing, the court asked Detective Fallon if there was "any prosecution of the sexual assault" and was told by Fallon that it was "pending."

On December 7, 1990, Detective Fallon testified before the grand jury in substantial accord with his preliminary hearing testimony. Detective Fallon indicated that the State's Attorney had not decided whether to charge defendant with the sexual assault, noting that it was still being reviewed. The grand jury returned an indictment against defendant for UUW on December 14, 1990.

Defendant filed a motion to suppress identification on January 18, 1991, alleging that the October 24, 1990, lineup was improperly conducted and deprived him of due process. The court set a hearing on this motion for March 12, 1991. On March 11, 1991, the State filed a two-count information charging defendant with aggravated criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, par. 12—14(a)(1)) and UUW.

On March 12, 1991, the court, over defendant's objection, granted the State's motion to continue the hearing on defendant's motion to suppress to March 20, 1991. Defendant's motion to suppress identification was denied after a hearing on March 20, 1991. On March 22, 1991, defendant filed his motion to dismiss the aggravated criminal sexual assault charge on speedy trial grounds, and a hearing on this motion was held March 25, 1991.

At the hearing, the State argued that defendant's motion to suppress identification was a substantive motion which determined an issue common to both charges. The State therefore contended that "because the facts are so tied together, Unlawful Use of a Weapon by a man who's a convicted felon and *** sexual assault by the same man on the same victim," the delay occasioned by this motion should be credited against defendant on both counts, regardless of when the charges were filed. The circuit court noted that the State had conceded that it had knowledge of the facts underlying both charges "from day one" and, relying on *People v. Williams* (1981), 94 Ill. App. 3d 241, 418 N.E.2d 840, ruled that the delay occasioned by defendant's motion to suppress was not attributable to defendant on the charge of aggravated criminal sexual assault. The court therefore granted defendant's motion to dismiss the sexual assault charge for failure to comply with the "120 day rule." The court then conducted a bench trial on the remaining UUW count and found defendant not guilty.

On appeal, the State does not dispute that defendant was in custody in excess of 120 days before being brought to trial on the aggravated criminal sexual assault charge. The State argues that defendant caused delay by filing a pretrial motion and that this delay should suspend the running of the speedy trial statute on both counts. Alternatively, the State argues that the circuit court's reliance on *Williams* was misplaced and, therefore, "it cannot be said that new and additional charges must, necessarily, be subject to the same speedy trial term as the original charge." We find neither of these arguments to be convincing.

■ In determining whether a defendant has been denied a speedy trial, section 103—5(a) states that a defendant who is in custody shall be tried within 120 days from the date he is taken into custody. (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(a).) Subsection (f) of section 103—5 further provides that the 120-day period will be suspended for the time of a delay occasioned by the defendant. (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(f).) A delay attributable to the defendant which suspends his right to a speedy trial can result from the defendant filing a motion, from a delay to which the defendant's affirmative acts contributed, or from a continuance to which the defendant has expressly agreed. (*People v. Howard* (1990), 205 Ill. App. 3d 702, 708, 563 N.E.2d 1219, 1223.) Whether a delay has been occasioned by a defendant is determined by the circuit court, and absent an abuse of discretion, the circuit court's decision will be upheld on appeal. 205 Ill. App. 3d at 708-09, 563 N.E.2d at 1224.

■ In the instant case, we find that the circuit court did not abuse its discretion in refusing to attribute the delay caused by defendant's motion to suppress filed January 18, 1991, to the charge of aggravated criminal sexual assault filed March 11, 1991. Where, as here, a new and additional charge was filed against defendant, and it is clear that the additional charge arose out of the same facts and circumstances as the original charge and was known to the State at the time of the filing of the original charge, the time in which the trial must begin on the additional charge is subject to the same statutory limitations as the original charge. (*Howard*, 205 Ill. App. 3d at 710, 563 N.E.2d at 1224; *Williams*, 94 Ill. App. 3d at 248-49, 418 N.E.2d at 846.) Additionally, the continuances obtained in connection with the trial of the original charge cannot be attributed to the defendant with respect to the new and additional charge because the new charge was not before the court when those continuances were obtained. (*Williams*, 94 Ill. App. 3d at 249, 418 N.E.2d at 846; *Howard*, 205 Ill. App. 3d at 710, 563 N.E.2d at 1224; see also *People v. Hawkins* (1991), 212 Ill. App. 3d 973, 981, 571 N.E.2d 1049, 1054 (where a new charge is subsequently filed, no delay can be attributed to defendant on a new charge until after that charge is filed).) Thus, under the case law, the delay occasioned by defendant's motion to suppress, which was filed in connection with the original weapons charge, was not attributable to the new and additional sexual assault charge.

The State argues alternatively that the holding in *Williams* does not apply to the case at bar because *Williams* was premised on the operation of the compulsory joinder statute and here the charges filed were not subject to compulsory joinder. We initially note that where

this argument was not advanced by the State at the hearing on defendant's motion to dismiss, this court could properly disregard the contention. (*People v. Smith* (1976), 42 Ill. App. 3d 731, 733, 356 N.E.2d 656, 659.) It is well established that an issue not raised in the trial court is considered waived and that this principle applies equally to the State and the defendant in a criminal case. (*People v. Adams* (1989), 131 Ill. 2d 387, 395, 546 N.E.2d 561, 564-65; *People v. O'Neal* (1984), 104 Ill. 2d 399, 407, 472 N.E.2d 441, 444.) However, because we believe this matter requires clarification, we elect to address it despite the waiver. See *People v. Krison* (1978), 63 Ill. App. 3d 531, 536, 380 N.E.2d 449, 453.

Section 3—3(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 3—3(b)) states, in pertinent part, as follows: "If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution *** if they are based on the same act." In *People v. Crowe* (1990), 195 Ill. App. 3d 212, 552 N.E.2d 5, the court reviewed *Williams* and its forerunners and concluded that "it appears the basis of the holdings in these cases is the compulsory-joinder provisions of section 3—3(b)." (*Crowe*, 195 Ill. App. 3d at 215-16, 552 N.E.2d at 8.) However, *Williams* makes no citation to the compulsory joinder statute and, indeed, is not a case where compulsory joinder was involved.

In *Williams*, the defendants were alleged to have committed, in sequence, an unlawful restraint, a kidnapping, an aggravated battery, a sexual assault, and then further aggravated batteries and sexual assaults against the victim. Although the defendants in *Williams* were tried for the various offenses in a single prosecution, the State was not required to do so because the offenses did not arise from the same act. See *People v. Thompson* (1967), 87 Ill. App. 2d 426, 230 N.E.2d 889 (under section 3—3(b) the State was not required to prosecute charges of attempted rape and battery together, where first two batteries suffered by complaining witness and later attempt to commit rape did not arise from same act).

Therefore, the State's argument that *Williams* is inapplicable to cases in which the charges are not subject to compulsory joinder must fail, where *Williams* itself does not meet this requirement. While the origins of the law stated in *Williams* may stem from the provisions of section 3—3(b) (see *People v. King* (1972), 8 Ill. App. 3d 2, 288 N.E.2d 672), *Williams* focuses on knowledge by the State that new and additional charges arose from "the same facts as did the original charges" (*Williams*, 94 Ill. App. 3d at 248, 418 N.E.2d at 846), rather than on

whether "the several offenses *** are based on the same act," for compulsory joinder purposes. Ill. Rev. Stat. 1989, ch. 38, par. 3—3(b).

However, even if we were to adopt the view expressed in *Crowe* and limit application of *Williams* to cases where the compulsory joinder statute applied, given the record, we cannot say that the crimes charged herein were not subject to compulsory joinder. Although the State now argues that the basis for the original UUW charge was the attempted robbery of Mr. Lum and Mr. Pearson, nothing of record supports this contention. At the hearing on defendant's motion to dismiss, the State argued that the UUW and sexual assault charges were "tied together" because they were committed "by the same man on the same victim." Additionally, Detective Fallon testified that the 14-year-old girl alleged that the weapon was used during the sexual assault, and the information charged defendant with aggravated criminal sexual assault in that "defendant, while displaying a dangerous weapon, a gun, knowingly committed a criminal sexual assault." (See Ill. Rev. Stat. 1989, ch. 38, par. 12—14(a)(1).) Therefore, where it appears that the UUW charge was based on the sexual assault, the offenses were subject to compulsory joinder under section 3—3(b). See *King*, 8 Ill. App. 3d at 5, 288 N.E.2d at 674.

Thus, under any interpretation of *Williams*, defendant was denied his speedy trial rights where the State had knowledge of the facts underlying both the charges at the time the original UUW charge was filed in October 1990 but did not file the aggravated criminal sexual assault charge until March 1991. The judgment of the circuit court dismissing the aggravated criminal sexual assault charge is therefore affirmed.

Affirmed.

GOLDENHERSH, P.J., and WELCH, J., concur.