(No. 82750.—

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. MICHAEL QUIGLEY, Appellant.

*Opinion filed June 18, 1998.*

2

Mark A. Rouleau, of Rockford, for appellant.

James E. Ryan, Attorney General, of Springfield, and Paul A. Logli, State's Attorney, of Rockford (Barbara A. Preiner, Solicitor General, and William L. Browers and Robert K. Villa, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE NICKELS delivered the opinion of the court:

Defendant was charged with two driving under the influence (DUI) offenses, one a misdemeanor and the other a felony, in separate prosecutions based on the same incident. The misdemeanor charge was dismissed on speedy-trial grounds. In this appeal, we determine what effect, if any, this dismissal has on the subsequent prosecution of the remaining, felony DUI charge. The circuit court of Winnebago County ruled that the State could proceed on the felony charge, and the appellate court affirmed (No. 2—95—1643 (unpublished order under Supreme Court Rule 23)). We allowed defendant's petition for leave to appeal (166 Ill. 2d R. 315).

## BACKGROUND

The underlying factual allegations are relatively simple. On August 27, 1994, defendant was involved in a multiple-vehicle collision while driving his car on Route 251 in or near the Village of Machesney Park. An individual in one of the other vehicles was injured as a result of the collision, suffering a broken ankle. A deputy sheriff of Winnebago County responded to the scene and asked defendant to perform field sobriety tests and a breathalyzer test. Defendant failed the field sobriety tests. The breathalyzer test revealed that defendant's blood-alcohol content (BAC) was 0.14.

Although the underlying allegations are straightforward, the circuit court proceedings are somewhat convoluted. Defendant was initially charged with two ordinance violations of DUI. Defendant filed a speedy-trial demand in connection with both of these ordinance violations.

Nearly three months later, on November 23, 1994, a grand jury indicted defendant for aggravated DUI under section 11—501(d)(3) of the Illinois Vehicle Code. This statute provides:

"(d) Every person convicted of committing a violation of this Section shall be guilty of aggravated driving under the

influence of alcohol or drugs or a combination of both which shall be a Class 4 felony if:

\* \* \*

(3) such person *in committing a violation of paragraph (a)* was involved in a motor vehicle accident which resulted in great bodily harm or permanent disability or disfigurement to another, when such violation was the proximate cause of such injuries." (Emphasis added.) 625 ILCS 5/11—501(d)(3) (West 1992).

Section 11—501(d)(3) requires, as a predicate for aggravated DUI, a violation of paragraph (a). Section 11—501(a) provides, in pertinent part:

"(a) A person shall not drive or be in actual physical control of any vehicle within this State while:

1. the alcohol concentration in such person's blood or breath is 0.10 or more based on the definition of blood and breath units in Section 11—501.2;

2. under the influence of alcohol \*\*\*." 625 ILCS 5/11—501(a) (West 1992).

The indictment alleged aggravated DUI based on the violation of section 11—501(a)(2). The felony charge was docketed as case 94—CF—2699.

On December 15, 1994, the ordinance charges against defendant were dismissed. On that date, the State filed an information against defendant charging him with a misdemeanor violation of section 11—501(a)(1), driving while having a BAC of 0.10 or more.[1] The misdemeanor charge was docketed as case 94—TR—39335.

The record states that the misdemeanor "file [was] to be set with [the] felony charge." The misdemeanor and felony DUI charges were consolidated or intended to be consolidated. On January 6, 1995, however, the circuit court dismissed the felony charge of aggravated DUI.

---

[1]The statute was later amended. This section is now violated if an individual drives with a BAC of 0.08. See Pub. Act 90—43, § 5, eff. July 1, 1997. The amendment does not apply to this case.

The reason for this dismissal is unclear from the record. Thus, only the misdemeanor DUI charge remained pending against defendant.

On January 18, 1995, defendant filed a speedy-trial demand in the felony DUI case, which had been dismissed. On February 1, 1995, defendant was reindicted on the same charge of aggravated DUI. The reindicted felony charge was docketed as case 95—CF—250. Thus, defendant was again facing the misdemeanor and felony DUI charges in two separate cases.

On June 6, 1995, defendant filed a motion to dismiss the misdemeanor DUI case on the grounds that the State had violated his right to a speedy trial. Defendant argued that the speedy-trial period had expired on April 10, 1995. On September 15, 1995, the circuit court granted the motion to dismiss the misdemeanor DUI case with prejudice on speedy-trial grounds. The State did not appeal the dismissal.

On September 25, 1995, defendant filed a motion to dismiss the aggravated DUI charge based generally on: (1) compulsory joinder grounds, and (2) double jeopardy grounds. The circuit court denied the motion to dismiss. The circuit court found that the charges were not subject to compulsory joinder because the two DUI charges were not based on the same act. Thus, the State was not required to bring the two DUI charges in a single prosecution. The circuit court further determined that double jeopardy did not bar the subsequent prosecution of the felony DUI charge. Based on this reasoning, the circuit court allowed the State to proceed with its prosecution of the felony DUI charge. Defendant immediately appealed the denial of the motion to dismiss on double jeopardy grounds. See 145 Ill. 2d R. 604(f).

Defendant raised the same arguments in the appel-

late court. Defendant's arguments were again rejected.[2] The appellate court agreed with the circuit court that there was no compulsory joinder violation. The appellate court held that the State was not required to bring the misdemeanor and felony DUI charges in one proceeding because the offenses were not based on the same act. The appellate court also agreed that there was no double jeopardy violation. The appellate court held that the speedy-trial dismissal of the misdemeanor DUI charge did not constitute an "acquittal" for double jeopardy purposes. Thus, the subsequent prosecution was not barred.

## ANALYSIS

The issue here involves the interrelationship of compulsory joinder, double jeopardy, and speedy-trial principles. The parties raise arguments addressing each of these areas. We consider each in turn.

### I. Compulsory Joinder

Section 3—3 of the Criminal Code of 1961 requires the compulsory joinder of certain offenses in a single prosecution. Section 3—3 provides:

"(a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.

(b) If the several offenses are known to the proper pros-

---

[2]Defendant raised an additional double jeopardy argument in both the circuit and appellate courts. Based on defendant's BAC, defendant's driver's license was automatically suspended pursuant to statute. See 625 ILCS 5/11—501.6 (West 1992). Defendant argued that the statutory summary suspension constituted a "punishment" for purposes of double jeopardy. Defendant argued that he could not receive an additional punishment in connection with the prosecution of the felony DUI charge. The lower courts rejected this argument. Defendant has not raised that argument in this court. Defendant's argument was recently rejected by this court in *People v. Lavariega*, 175 Ill. 2d 153 (1997).

ecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, *they must be prosecuted in a single prosecution, except as provided in Subsection (c), if they are based on the same act.*

(c) When 2 or more offenses are charged as required by Subsection (b), the court in the interest of justice may order that one or more of such charges shall be tried separately." (Emphasis added.) 720 ILCS 5/3—3 (West 1992).

This statute was enacted to prevent the prosecution of multiple offenses in a piecemeal fashion and to forestall, in effect, abuse of the prosecutorial process. See *People v. Mullenhoff*, 33 Ill. 2d 445, 447 (1965); *People v. Golson*, 32 Ill. 2d 398, 410-12 (1965). A prosecutor might otherwise harass a defendant through successive prosecutions of multiple offenses and put a defendant through the expense of several trials until the prosecutor obtains a result that satisfies him. See *Golson*, 32 Ill. 2d at 410-12; *People v. Kennedy*, 161 Ill. App. 3d 197, 199 (1987); *People v. Lewis*, 112 Ill. App. 3d 626, 629-30 (1983).

We now address the compulsory joinder issue. Section 3—3 requires joinder where multiple charges are known to the prosecutor when the prosecution begins, the charges are within the jurisdiction of a single court, and the charges are based on the same act. In the instant case, the parties do not dispute that the misdemeanor and aggravated DUI charges were known to the proper prosecuting officer at the time the prosecution began or that the charges were within the jurisdiction of a single court. Neither party suggests that the circuit court ordered separate trials in the "interest of justice." 720 ILCS 5/3—3(c) (West 1992). The parties only dispute whether the two DUI charges were "based on the same act."

The appellate court found that the charges were not based on the same act. The appellate court stated that, although the two offenses required that defendant be intoxicated, each offense was premised on a different act.

Specifically, the appellate court found that defendant committed the offense of misdemeanor DUI when he started driving his vehicle. He could have been arrested and charged with misdemeanor DUI any time before the accident. Defendant then committed the offense of aggravated DUI when he performed some other act that led to the accident. The appellate court stated that the offenses were completely separate acts that occurred at separate times. Thus, the misdemeanor and aggravated DUI charges were not required to be joined in a single prosecution.

The appellate court relied, in part, on *People v. Mueller*, 109 Ill. 2d 378 (1985). In *Mueller*, the defendant was charged with murdering two individuals and concealing their bodies. Defendant was initially charged with the murders. Defendant claimed self-defense and was acquitted by a jury. After the trial, defendant was subsequently charged with homicidal concealment. He was convicted on this charge. On appeal to this court, the defendant argued that he should have been charged in a single prosecution because both charges were based on the same act. This court disagreed, finding that the two charges were based on separate acts. The shooting of the victims served as the basis for the murder charges, and the hiding of the bodies was the basis for the concealment charge. This court stated that joinder is not required where multiple offenses arise from a series of closely related acts. *Mueller*, 109 Ill. 2d at 385. Accordingly, the charges were not subject to compulsory joinder. See also *People v. Astorga*, 245 Ill. App. 3d 124, 130-32 (1993) (simultaneous possession of a stolen scale and possession of controlled substance with intent to deliver were not based on the same act); *People v. Thomann*, 197 Ill. App. 3d 516, 519-20 (1990) (possession of videotape of child pornography on one date was separate act from possession of advertisements containing similar material nearly

two months later); *People v. Navis*, 24 Ill. App. 3d 842, 846 (1974) (act of driving while intoxicated was independent of and had no relationship to the simultaneous act of driving while license revoked).

Defendant herein argues that the two offenses are based on a single act, driving under the influence, and relies on *People v. Mullenhoff*, 33 Ill. 2d 445 (1965). In *Mullenhoff*, the defendant was initially charged with attempt to commit deviate sexual assault. The defendant was found not guilty. The defendant was then charged with attempted rape and convicted. On appeal to this court, the defendant argued that the charges should have been brought as part of a single prosecution because they were based on the same act. This court found that both offenses arose out of the same conduct. Accordingly, the charges were subject to compulsory joinder. See also *People v. Hiatt*, 229 Ill. App. 3d 1094, 1097 (1992) (possession of a videotape containing child pornography and possession of photos of different children were single act of possession); *People v. Mitsakopoulos*, 171 Ill. App. 3d 198, 200-01 (1988) (compulsory joinder applied to theft and forgery charges based on the defendant's unauthorized control over the proceeds of a check); *People v. Baker*, 77 Ill. App. 3d 943, 944-45 (1979) (simultaneous possession of a controlled substance and possession of cannabis were same act of possession for purposes of compulsory joinder). We agree with defendant that the misdemeanor and felony DUI charges were based on the same act.

The language of the DUI statute supports this interpretation. Section 11—501(d)(3) is violated if an individual

> "in committing a violation of paragraph (a) was involved in a motor vehicle accident which resulted in great bodily harm or permanent disability or disfigurement to another, *when such violation was the proximate cause of such injuries.*" (Emphasis added.) 625 ILCS 5/11—501(d)(3) (West 1992).

Under section 11—501(d)(3), aggravated DUI occurs when an individual commits some form of misdemeanor DUI, in violation of paragraph (a), and other circumstances are present. The legislature added aggravating factors that change the misdemeanor DUI to a Class 4 felony. The essential and underlying criminal act, however, remains the same: driving while under the influence. The physical injury caused to others by driving while under the influence produces the felony. See *People v. Avery*, 277 Ill. App. 3d 824, 830 (1995).

Driving while under the influence may lead to some other act that, in turn, leads to the accident. The underlying cause of both misdemeanor and aggravated DUI, however, is driving while under the influence. The misdemeanor DUI and the aggravated DUI charges are *based* on the same act. Section 11—501(d)(3) does not require any other specific act or Vehicle Code violation. Any other act resulting in an accident involving great bodily harm, by itself, would not support the aggravated DUI charge.

This interpretation is further supported by the committee comments to the compulsory joinder statute. The "same act" requirement applies primarily to two situations: (1) where several persons are affected by one act, and (2) where several different statutes are violated by one act. Ill. Ann. Stat., ch. 38, par. 3—3, Committee Comments—1961, at 102 (Smith-Hurd 1989). Two examples of the violation of several different statutes by one act include: (1) an illegal sale which also involves illegal possession of certain property, (2) and driving a vehicle recklessly while intoxicated. Ill. Ann. Stat., ch. 38, par. 3—3, Committee Comments—1961, at 102 (Smith-Hurd 1989). Causing an accident while intoxicated is similar to driving recklessly while intoxicated. Both are based on the act of driving while intoxicated.

In the instant case, the appellate court erred in failing to recognize that the misdemeanor DUI is a continu-

ing offense that does not just occur when an individual starts driving his vehicle. The misdemeanor DUI offense continues while a defendant is driving and proximately causes the accident. Defendant was allegedly engaged in only one continuous and uninterrupted act of driving while under the influence. In this instance, the phrase "based on the same act" cannot be given a hypertechnical interpretation to create multiple acts based on discrete moments in time. See *People v. Pena*, 170 Ill. App. 3d 347, 350-52 (1988) (multiple convictions for DUI and speeding could not be based on different "acts" of DUI and speeding during the same driving episode). Accordingly, we find that the charges should have been brought in one proceeding.

## II. Double Jeopardy

Double jeopardy principles and additional protections are codified in section 3—4 of the Criminal Code of 1961 (720 ILCS 5/3—4 (West 1992)). See *Mueller*, 109 Ill. 2d at 383. Section 3—4(b)(1) addresses the consequences of failing to comply with compulsory joinder under section 3—3. Section 3—4(b)(1) provides:

> "(b) A prosecution is barred if the defendant was formerly prosecuted for a different offense, *** if such former prosecution:
>
> > (1) Resulted in either a conviction or an acquittal, and *** was for an offense with which the defendant should have been charged on the former prosecution, as provided in Section 3—3 of this Code (unless the court ordered a separate trial of such charge) ***." 720 ILCS 5/3—4(b)(1) (West 1992).

Section 3—4(b)(1) therefore prohibits a subsequent prosecution where the offense charged should have been brought in a former prosecution under section 3—3.

It is well settled, however, that section 3—4(b)(1) only applies where there was a *conviction or acquittal* in the former prosecution. See *People v. Miller*, 35 Ill. 2d 62,

64-66 (1966); *People v. Piatt*, 35 Ill. 2d 72, 73-74 (1966); *People v. Lewis*, 112 Ill. App. 3d 626, 630 (1983); *People v. Peterson*, 108 Ill. App. 3d 856, 859 (1982); *People v. Tate*, 47 Ill. App. 3d 33, 35-36 (1977). For purposes of the statute, "[a]n 'acquittal' occurs when the trier of facts—the jury, or the court when a jury is waived—renders a verdict or finding of not guilty." Ill. Ann. Stat., ch. 38, par. 3—4, Committee Comments—1961, at 125 (Smith-Hurd 1989). The Criminal Code defines an "acquittal" as "a verdict or finding of not guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury." 720 ILCS 5/2—1 (West 1992). An acquittal generally requires some resolution of a defendant's factual guilt or innocence. See *United States v. Scott*, 437 U.S. 82, 97-99, 57 L. Ed. 2d 65, 78-79, 98 S. Ct. 2187, 2197-98 (1978); *People v. Tripp*, 208 Ill. App. 3d 1006, 1009-11 (1991); *People v. Crowe*, 195 Ill. App. 3d 212, 219 (1990); *People v. Luallen*, 188 Ill. App. 3d 862, 863-64 (1989). In the instant case, the misdemeanor DUI prosecution was not terminated by an acquittal or a conviction. It was terminated by a pretrial order of dismissal. Accordingly, double jeopardy and related protections, as contained in section 3—4(b)(1), do not apply to a speedy-trial dismissal, which occurs before trial.

III. Compulsory Joinder and Speedy-Trial Principles

The parties also raise an issue concerning the interaction of compulsory joinder and speedy-trial principles. Initially, however, we consider the scope of review on appeal. We note that defendant took an interlocutory appeal to the appellate court on double jeopardy grounds under Rule 604(f). In turn, this court allowed defendant's petition for leave to appeal under Rule 315. In this appeal, both parties have thoroughly addressed compulsory joinder, given its relationship to double jeopardy. The parties further dispute whether the aggravated DUI

charge should be dismissed based on the interrelationship of compulsory joinder and speedy-trial principles. We address the issue in the interest of judicial economy. See *Schrock v. Shoemaker*, 159 Ill. 2d 533, 537 (1994) (scope of review not limited to certified question where interlocutory appeal arose under Rule 308); *Bright v. Dicke*, 166 Ill. 2d 204, 208 (1995); *People v. Berland*, 74 Ill. 2d 286, 310 (1978); 155 Ill. 2d R. 366(a)(5).

Compulsory joinder requires the State to bring multiple charges in a single prosecution. The charges are tried together unless the circuit court determines that a separate trial is required in the interest of justice. See 720 ILCS 5/3—3(c) (West 1992). Once a speedy-trial demand is filed, the multiple charges are subject to the same speedy-trial period. If the charges are required to be brought in a single prosecution, the speedy-trial period begins to run when the speedy-trial demand is filed, even if the State brings some of the charges at a later date. "Where new and additional charges arise from the same facts as did the original charges and the State had knowledge of these facts at the commencement of the prosecution, the time within which trial is to begin on the new and additional charges is subject to the same statutory limitation that is applied to the original charges." *People v. Williams*, 94 Ill. App. 3d 241, 248-49 (1981); see also *People v. Stanley*, 266 Ill. App. 3d 307, 309-11 (1994); *People v. Hinkle*, 234 Ill. App. 3d 663, 666-68 (1992); *People v. Hawkins*, 212 Ill. App. 3d 973, 979-81 (1991); *People v. Howard*, 205 Ill. App. 3d 702, 710 (1990); *People v. Wilkey*, 202 Ill. App. 3d 756, 758 (1990); *People v. Crowe*, 195 Ill. App. 3d 212, 214-16 (1990); *People v. Alcazar*, 173 Ill. App. 3d 344, 354 (1988); *People v. Rodgers*, 106 Ill. App. 3d 741, 744 (1982); *People v. King*, 8 Ill. App. 3d 2, 4-6 (1972).

The State argues that the misdemeanor and aggravated DUI charges were not subject to the same

speedy-trial limitation. The State relies on subsection (e) of the speedy-trial statute (725 ILCS 5/103—5(e) (West 1992)), which discusses the simultaneous prosecution of multiple offenses. It essentially provides that a defendant who simultaneously demands trial on more than one charge pending against him must be tried or found guilty after waiver of trial on, at least, one charge within the initial 160-day period. A defendant may then be tried on the remaining charges within another 160 days. If one of the charges was brought to trial in a timely manner but the trial was terminated without a judgment, such as by mistrial, the statute provides additional time within which to try the remaining charges. See 725 ILCS 5/103—5(e) (West 1992). The State argues that this statute gave it additional time to prosecute the aggravated DUI charge.

We reject the State's argument. Application of section 103—5(e) ordinarily arises where the State is simultaneously pursuing two separate prosecutions against a defendant. Section 103—5(e) preserves a defendant's right to a speedy trial while also lessening the State's burden of preparing more than one charge for trial. See *People v. Cavitt*, 246 Ill. App. 3d 514, 520 (1993). The statute provides additional time as long as the State elects to proceed on one of the charges within the initial 160-day period, either by trial or by guilty plea. See *People v. Beard*, 271 Ill. App. 3d 320, 325-28 (1995); *Cavitt*, 246 Ill. App. 3d at 520; *People v. Holmes*, 234 Ill. App. 3d 931, 939-40 (1992).

The instant case involves multiple charges that were required to be tried together. There was no trial or plea of guilty on either charge within the initial 160-day period. Instead, the misdemeanor DUI charge was dismissed on speedy trial grounds because it had not been brought to trial within the requisite time. The State cannot obtain more time on the aggravated DUI charge by relying on

the fact that the misdemeanor DUI charge was termi-
nated by the State's own action. Thus, section 103—5(e)
does not apply.

The State also argues that defendant invited error by
preventing consolidation of the cases. On June 6, 1995,
defendant filed a motion to dismiss the misdemeanor
DUI case on speedy-trial grounds. Defendant argued that
the speedy-trial period had run on April 10, 1995. While
the motion was pending, the State apparently requested
consolidation of the two cases on July 3, 1995, and defen-
dant objected. It is not clear from the record the basis of
the objection, and the State did not obtain a ruling on its
request for consolidation. The circuit court later ruled
that the speedy-trial period had run. The State argues
that it sought to consolidate the two cases and that de-
fendant objected. The State argues that a party may not
invite error and thereafter seek relief from that error.

The State's argument of invited error is without
merit for several reasons. First, defendant cannot be said
to have invited error where the State never obtained a
ruling on its request for consolidation. Second, the circuit
court determined that the speedy-trial period on the mis-
demeanor DUI case had run before June 6, 1995. The
State's request to consolidate on July 3, 1995, was
therefore untimely. As stated earlier, because the DUI of-
fenses should have been brought in a single prosecution,
both offenses were subject to the same speedy-trial
limitation. Third, the State has not shown how defen-
dant, by objecting, prevented the State from proceeding
on the cases within the speedy-trial period. Accordingly,
defendant did not invite error.

In the instant case, the circuit court determined that
the speedy-trial period had run on the misdemeanor DUI
charge. The State could have appealed that determina-
tion. See 145 Ill. 2d R. 604(a)(1); 725 ILCS 5/114—1(a)(1)
(West 1992); 725 ILCS 5/103—5 (West 1992). It did not.

Because the State did not appeal this determination, we do not consider the correctness of the dismissal of the misdemeanor DUI charge on speedy-trial grounds. The State may not now seek to relitigate the issue. The aggravated DUI charge was essentially a new and additional charge that should have been brought with the misdemeanor DUI charge and was subject to the same speedy-trial limitation. The State did not act in a timely manner to bring the two related charges in a single proceeding. The aggravated DUI charge is therefore barred on speedy-trial grounds.

### CONCLUSION

For the foregoing reasons, the prosecution of the aggravated DUI charge is barred. The judgment of the appellate court and the order of the circuit court are reversed.

*Appellate court judgment reversed;*
*circuit court order reversed.*