THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
JAMES BELCHER, Defendant-Appellee.

Second District   No. 2—88—0765

Opinion filed July 19, 1989.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, for appellee.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

The State appeals from an order of the circuit court of Lake County dismissing a three-count complaint filed against defendant, James Belcher. The State raises one issue on appeal: whether the trial court erred in granting defendant's motion to dismiss the charges which asserted the State had violated his right to a speedy trial.

The State filed a criminal complaint against defendant on December 27, 1985. A warrant for defendant's arrest was also issued on December 27, 1985. Defendant was arrested on April 5, 1988. On May 18, 1988, defendant filed a motion to dismiss all charges, alleging that between June 3, 1986, and March 3, 1988, defendant was in custody and successfully completed a four-year sentence in the Illinois Department of Corrections; defendant was convicted and sentenced under the name of James Belcher; defendant has never used an alias; and the delay in arresting defendant was unnecessary, unjustified and not defendant's fault. As a result, defendant alleged he was denied his right of speedy trial.

At the hearing on the motion, defendant testified that he was in-

carcerated in the Illinois Department of Corrections for an offense committed in 1986 in Cook County. Defendant was released from prison on March 3, 1988, and was arrested on the present charges in April 1988.

Prior to his arrest, defendant was not aware that a warrant was outstanding against him. After his release from prison, defendant began part-time employment and regularly reported to his parole officer.

The public defender argued that the delay was excessive. Since defendant was in the custody of the State during the delay, he could easily have been found had the Lake County sheriff checked the records of the Department of Corrections. Counsel also argued that defendant was presumptively prejudiced in light of the length of the delay. Defendant was actually prejudiced because he had been in prison, and had he been promptly tried, he could have received a concurrent sentence. Defendant was also subject to oppressive pretrial incarceration because he was already in prison when the case should have been tried. The delay had also caused defendant anxiety because he had taken courses while in prison and after his release had gotten a job and was starting a new life. Then he was arrested and was put back in jail little more than one month after his release.

The prosecutor argued that defendant had not shown that his defense would be prejudiced were he to proceed to trial and, therefore, defendant's right of speedy trial was not violated. The court dismissed the charges. The State then filed a motion to reconsider. At the hearing, the State argued that the delay in this case was preindictment and the *Lawson* standard should apply. (See *People v. Lawson* (1977), 67 Ill. 2d 449.) The State argued that a court cannot presume prejudice under *Lawson*. The State's reasoning was that since there was no indictment, it was a preindictment case. The court concluded that there were pending charges in 1985, even though those charges were made by complaint and, as such, it was a post-indictment arrest and delay. In reaching its decision to deny the State's motion, the court stated:

> "Defendant was incarcerated under the same name, he was in the Illinois Department of Corrections, he was not out of the State of Illinois, and there just was no reason that any search, as far as I know, could not have found out where he was so that he could have proceeded in the case."

After the court dismissed the petition, the State timely filed this appeal pursuant to Supreme Court Rule 604(a)(1) (107 Ill. 2d R. 604(a)(1)).

The State contends that the trial court erred in dismissing the

charges against defendant. The State advances three main arguments in support of this contention: (1) the court applied the wrong standard when it decided whether to dismiss the charges; (2) the court should not have dismissed the charges because they were brought within the statute of limitations; and (3) even if the *Barker v. Wingo* standard applied, the court did not properly apply it.

■■ First, the State urges that the standard set forth in *People v. Lawson* (1977), 67 Ill. 2d 449, should apply to the present case rather than the *Barker* standard. The State did not make this argument in its initial appellant's brief, but argued this proposition for the first time on appeal in its reply brief in violation of Supreme Court Rule 341(e)(7) (107 Ill. 2d R. 341(e)(7)). Generally, arguments which do not conform to the requirements of Supreme Court Rule 341(e)(7) are waived. (*People v. Trimble* (1989), 181 Ill. App. 3d 355, 357.) Even if this argument were not waived, we would agree with the trial court that the *Lawson* standard is inapplicable to the present case. *Lawson* does not apply to cases of undue delay occurring after the filing of an indictment, information, or complaint charging the defendant with the alleged offense. *People v. Schroeder* (1981), 102 Ill. App. 3d 133, 136.

■■ The State next argues that a defendant's protection against stale charges is the statute of limitations. (*United States v. Lovasco* (1977), 431 U.S. 783, 789, 52 L. Ed. 2d 752, 758, 97 S. Ct. 2044, 2048.) However, *Lovasco* is a preindictment-delay case and is therefore inapplicable. In addition, the *Lovasco* court, in the same paragraph, further stated that the statute of limitations does not fully protect defendants, even in the preindictment situation. *Lovasco*, 431 U.S. at 789, 52 L. Ed. 2d at 758, 97 S. Ct. at 2048.

The State's final argument is that the trial court relied solely on the length of the delay and the necessity of such delay but failed to consider the other factors established in *Barker v. Wingo* (1972), 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182, and adopted by our supreme court in *People v. Bazzell* (1977), 68 Ill. 2d 177.

■■ *Barker* identified four factors which a court should assess to determine whether a defendant has been denied the right to a speedy trial. Those factors are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. (*Barker*, 407 U.S. at 530, 33 L. Ed. 2d at 117, 92 S. Ct. at 2192.) The State takes issue with the trial court's finding of presumptive prejudice and argues that the court determined there was a sufficient length of delay but did not analyze and balance the remaining factors.

The threshold question in a *Barker* analysis is whether the delay

is presumptively prejudicial. (*Millard v. Lynaugh* (5th Cir. 1987), 810 F.2d 1403, 1406, *cert. denied* (1987), 484 U.S. 838, 98 L. Ed. 2d 81, 108 S. Ct. 122.) If a delay is presumptively prejudicial, then the court should go on to balance the remaining three factors: the reason for the delay, the defendant's assertion of his right, and the prejudice resulting from the delay. (*United Sates v. Deleon* (7th Cir. 1983), 710 F.2d 1218, 1220; *Smith v. Mabry* (8th Cir. 1977), 564 F.2d 249, 251-52, *cert. denied* (1978), 435 U.S. 907, 55 L. Ed. 2d 499, 98 S. Ct. 1456.) Thus, under *Barker*, even if a court presumes prejudice on the basis of a lengthy delay, the court must still balance that delay against the reason for the delay, whether the defendant asserted his right, and whether the defendant has suffered any prejudice as a result of the delay. *Barker*, 407 U.S. 530, 33 L. Ed. 2d at 117, 92 S. Ct. at 2191-92.

According to the State, the trial court drew an inference as to the reason for the delay in the present case, yet defendant provided no evidence concerning that factor and had the duty to challenge the delay.

■■ Under the sixth amendment, the State has a "constitutional duty to make a diligent, good-faith effort" to locate and apprehend a defendant and bring him to trial. (*Smith v. Hooey* (1969), 393 U.S. 374, 383, 21 L. Ed. 2d 607, 614, 89 S. Ct. 575, 579.) A defendant need only show that the delay was not attributable to his conduct. *People v. Jones* (1984), 104 Ill. 2d 268, 280; *People v. Reimolds* (1982), 92 Ill. 2d 101, 106.

The State, citing *People v. Henry* (1970), 47 Ill. 2d 312, asserts that the reason for the delay should not be assessed against the State because the evidence did not show any deliberate attempt by the State to gain an advantage over defendant. In *Henry*, the court found that there was no violation of the right to a speedy trial where the evidence did not show a deliberate intent by the State to oppress or prejudice the defendant. *Henry*, 47 Ill. 2d at 319.

■■ However, in this case defendant did not need to make such a showing to prove a violation of his right to a speedy trial. *Barker*, decided after *Henry*, stated that a deliberate attempt to delay in order to hamper the defense should be weighed more heavily against the government than a more neutral reason; yet a neutral reason must also be weighed against the State rather than against the defendant. (*Barker*, 407 U.S. at 531, 33 L. Ed. 2d at 117, 92 S. Ct. at 2192.) The State did not provide any reason for the 29-month delay. We therefore conclude that the State has not shown that attributing and weighing the unexplained delay against the State was a clear abuse of discretion.

The State concedes that the third factor, whether defendant asserted his right to a speedy trial, should be weighed against neither the State nor defendant. Defendant was unaware that charges were pending against him, so his failure to request a trial will not be assessed against him.

Regarding the fourth *Barker* factor, the State argues that defendant failed to prove that he was prejudiced. According to the State, since defendant was incarcerated during the period of delay, he was not subject to oppressive pretrial incarceration; he was unaware of the charges and was therefore not subjected to anxiety and concern during the delay; and the prejudice defendant alleged was speculative. The State asserts that the Supreme Court in *Barker* stated that prejudice is the most serious factor.

This assertion is a misstatement of the law. In discussing prejudice, the *Barker* court stated:

> "Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. *Of these, the most serious is the last* \*\*\*." (Emphasis added.) (407 U.S. at 532, 33 L. Ed. 2d at 118, 92 S. Ct. at 2193.)

The Court further stated that "none of the four factors \*\*\* [are] either a necessary or sufficient condition to the finding of a deprivation to the right of speedy trial." (407 U.S. at 533, 33 L. Ed. 2d at 118, 92 S. Ct. at 2193.) The factors are interrelated and must be considered in light of the circumstances of the case. 407 U.S. at 533, 33 L. Ed. 2d at 118, 92 S. Ct. at 2193.

■ That defendant may not have demonstrated prejudice does not establish that the court erred in dismissing the charges because *Barker v. Wingo* expressly rejected the notion that an affirmative demonstration of prejudice was necessary to prove a violation of the right to a speedy trial. (*Moore v. Arizona* (1973), 414 U.S. 25, 26, 38 L. Ed. 2d 183, 185, 94 S. Ct. 188, 189.) If the other factors weigh so heavily in a defendant's favor, then prejudice is unnecessary. See *Barker*, 407 U.S. at 533, 33 L. Ed. 2d at 118, 92 S. Ct. at 2193.

■ The ultimate question then is whether the trial court in this case properly weighed the factors when it reached the conclusion that defendant's right of speedy trial was violated. (1) A delay of 29 months falls within the range of delay which courts have considered presumptively prejudicial. (See *Williams v. Lockhart* (8th Cir. 1985), 772 F.2d

475, 479 (24 months); *United States v. DeTienne* (7th Cir. 1972), 468 F.2d 151, 156, *cert. denied* (1973), 410 U.S. 911, 35 L. Ed. 2d 274, 93 S. Ct. 974 (19-month delay).) (2) The State did not present any reason why it could not have found defendant. He was not a fugitive; rather, he was in the custody of the State. (3) Defendant was unaware of the charges, so this factor will not be weighed against him. (4) The court decided that based on the length of the delay and the State's inability to justify it, it was unnecessary for defendant to show that he was prejudiced by the delay. Based on these facts, we cannot say that the trial court abused its discretion in assessing two factors against the State and deciding that the factors were of such magnitude that they overwhelmingly demonstrated that the State had violated defendant's right to a speedy trial. Thus, we conclude that the trial court properly dismissed the charges.

The order of the circuit court of Lake County is affirmed.

Affirmed.

DUNN and WOODWARD, JJ., concur.