THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. OSSIE
LOCK *et al.*, Defendants-Appellees.

Second District    No. 2—93—0403

Opinion filed September 15, 1994.

David R. Akemann, State's Attorney, of St. Charles (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller, and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellees.

JUSTICE WOODWARD delivered the opinion of the court:

The defendants, Ossie Lock and Sonya Lock, were charged by information on September 11, 1991, with aggravated battery and criminal damage to property. Both defendants were released on bond. On August 25, 1992, the prosecutor filed additional informations charging armed violence, attempted murder, and aggravated battery. The State appeals from the circuit court's orders granting the defendants' motions to dismiss counts III, IV, and V of the informations for having been added in violation of the defendants' right to a speedy trial. On appeal, the State argues that the trial court erred in dismissing the counts where the defendants had been released on bond and where neither had entered a demand for a speedy trial. We reverse and remand.

The defendants were initially represented by the public defender's office, but later substituted private counsel. On August 27, 1992, the defendants moved for dismissal of the additional charges and for sanctions, based on prosecutorial misconduct. The trial court denied those motions. On November 5, 1992, the defendants' private counsel moved for leave to withdraw, citing the defendants' failure to cooperate or pay for his services and a potential conflict of interest. On November 6 and November 30, 1992, the trial court granted the defendants' counsel leave to withdraw.

The public defender's office was reappointed to represent the defendants. On January 28 and February 2, 1993, the defendants moved to dismiss the new charges for violation of their speedy-trial rights. The defendants remained free on bond and had not previously made speedy-trial demands. After hearing oral arguments by both parties on the speedy-trial motions, the trial court dismissed counts III through V of the informations, stating:

> "THE COURT: Because I agree with you that this is an area that has to be cleared up. I agree absolutely that *Howard* applies and that *Belcher* applies and that *King* applies but I am still stuck with the language of *Howard* \*\*\*.

\* \* \*

THE COURT: I don't know. You're an officer of the court, Mr. Rago, do you know the answer to that question? Do you have the right to appeal if I, if I dismiss the charges?

\* \* \*

THE COURT: Whether or not there were continuances and to whom those continuances should be charged has nothing to do with when and under what circumstances the State should file its charges.

Here the armed violence Class X felony is clearly a charge which would have and could have been included in the aggravated battery because the allegations are, are the same, caused great bodily harm.

\* \* \*

THE COURT: The motion to dismiss Counts 3, 4 and 5 is granted.

\* \* \*

THE COURT: I would urge the State to appeal, Mr. Rago, I know that you are all very busy, but it's an issue that needs to be resolved."

The State filed timely notices of appeal.

■ The right to a speedy trial is guaranteed to criminal defendants by the constitutions of the United States (U.S. Const., amend. VI) and of Illinois (Ill. Const. 1970, art. I, § 8). The guarantee is also codified in section 103—5 of the Code of Criminal Procedure of 1963 (the Code) (Ill. Rev. Stat. 1991, ch. 38, par. 103—5 (now 725 ILCS 5/103—5 (West 1992))). The constitutional right and the statutory right to a speedy trial are not coextensive. (*People v. Nowak* (1970), 45 Ill. 2d 158, 161.) In determining whether the constitutional right has been violated, no specific time period is used. (*Barker v. Wingo* (1972), 407 U.S. 514, 523, 33 L. Ed. 2d 101, 113, 92 S. Ct. 2182, 2188.) Instead several factors are balanced. (*Barker*, 407 U.S. at 530, 33 L. Ed. 2d at 116-17, 92 S. Ct. at 2192.) In determining whether the statutory right under section 103—5 of the Code has been violated, specific time periods apply depending on whether the defendant is in custody or out on bond. Therefore, in assessing the defendants' speedy-trial claims in the present case, initially we must determine whether we should apply the sixth amendment analysis enumerated in *Barker* (407 U.S. at 530, 33 L. Ed. 2d at 116-17, 92 S. Ct. at 2192), whether we should apply the standard set forth in section 103—5 of the Code, or whether we should consider the claims under both standards.

■ The State argues in its reply brief that the sixth amendment *Barker* standard is irrelevant as this case was decided wholly under

section 103—5(b) of the Code. In support of this argument, the State cites *People v. Thomas* (1986), 149 Ill. App. 3d 1. In *Thomas*, the State complained that the trial court failed to apply the *Barker* analysis in determining whether the defendant had been deprived of his right to a speedy trial. (*Thomas*, 149 Ill. App. 3d at 5-6.) The court held that this would be true where the defendant alleged his sixth amendment constitutional right had been violated, but the State's allegation was meritless where the defendant's motion alleging a speedy-trial violation was premised solely upon the speedy-trial statute. (*Thomas*, 149 Ill. App. 3d at 6.) In the present case, although it is unclear upon what basis the trial court dismissed the additional counts, the defendants' motions to dismiss those counts clearly alleged a violation of section 103—5 of the Code and a violation of the constitutions of Illinois and the United States. Therefore, the trial court was required to consider the defendants' claims under both standards. If there was a violation of the defendants' speedy-trial rights under either standard, we must affirm the trial court's dismissal of counts III through V.

■ We first consider the defendants' claims under section 103—5(b) of the Code, which provides in relevant part:

"(b) Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant ***." Ill. Rev. Stat. 1991, ch. 38, par. 103—5(b) (now 725 ILCS 5/103—5(b) (West 1992)).

At the motion hearing in the present case, the defendants' attorney cited the case of *People v. King* (1972), 8 Ill. App. 3d 2, in support of their argument for dismissal of the new charges. The court in *King* held that when additional charges were filed at least 120 days after the defendant was taken into custody, the continuances that preceded the filing of the new charges were not attributable to the defendant, and the charges were barred by the speedy-trial protections. (*King*, 8 Ill. App. 3d at 6.) However, in *King*, since the defendant was in custody, a different statutory standard contained in section 103—5(a) of the Code (Ill. Rev. Stat. 1991, ch. 38, par. 103—5(a) (now 725 ILCS 5/103—5(a) (West 1992))) was applicable. Section 103—5(a) of the Code does not contain a demand requirement, has a 120 day speedy-trial term, and starts the speedy-trial term when the defendant is taken into custody.

The defendants also argued at the motion hearing that the *King* rationale was applied to an out-of-custody defendant in *People v. Howard* (1990), 205 Ill. App. 3d 702. In *Howard*, the defendant was initially charged with two counts of disorderly conduct. (*Howard*, 205

Ill. App. 3d at 704.) Approximately a month and a half later, the State added four counts of battery. (*Howard*, 205 Ill. App. 3d at 704.) Then, about six months after the second charges, the State filed an amended information charging four counts of battery and four counts of criminal sexual abuse. (*Howard*, 205 Ill. App. 3d at 705.) The new charges were based upon the same events and included the same victims. (*Howard*, 205 Ill. App. 3d at 706.) The defendant remained out on bond. (*Howard*, 205 Ill. App. 3d at 706.) The court followed the reasoning of *King* in refusing to attribute any of the continuances that preceded the filing of the new charges to the defendant. (*Howard*, 205 Ill. App. 3d at 709.) However, because the defendant was out on bond, the court calculated the speedy-trial term for the new charges based on the date the defendant entered his speedy-trial demand for the original charges. (*Howard*, 205 Ill. App. 3d at 707.) In the present case, the defendants never demanded a speedy trial for the original charges. Therefore, there is no point at which the statutory speedy-trial term began to run for any of the charges.

The defendants cite the case of *People v. Belcher* (1989), 186 Ill. App. 3d 202, in support of their argument that, despite the statutory requirement, the defendants' failure to request a speedy trial should not be weighed against them. In *Belcher*, the State filed a criminal complaint against, and obtained an arrest warrant for, the defendant on December 27, 1985. (*Belcher*, 186 Ill. App. 3d at 203.) The defendant was not arrested until April 5, 1988. (*Belcher*, 186 Ill. App. 3d at 203.) The defendant filed a motion to dismiss all charges, alleging that between June 3, 1986, and March 3, 1988, he was in the custody of the Illinois Department of Corrections. (*Belcher*, 186 Ill. App. 3d at 203.) The defendant also alleged that the delay in arresting him was unnecessary, unjustified, and not his fault and that as a result he was denied his right to a speedy trial. (*Belcher*, 186 Ill. App. 3d at 203.) Prior to his arrest, the defendant was not aware that a warrant was outstanding against him. (*Belcher*, 186 Ill. App. 3d at 204.) The court held that, where the defendant was unaware of the charges, his failure to make a speedy-trial demand would not be assessed against him. *Belcher*, 186 Ill. App. 3d at 207.

However, in that case, the State conceded that the defendant's failure to assert his right to a speedy trial should not be weighed against him. (*Belcher*, 186 Ill. App. 3d at 207.) Also, not only did the defendant not know the magnitude of the charges against him, but also he did not even know that any charges had been filed against him. (*Belcher*, 186 Ill. App. 3d at 204.) In the present case, the defendants knew that charges were pending against them and could have demanded a speedy trial concerning those charges. We also note

that *Belcher* was decided using a sixth amendment analysis (see *Belcher*, 186 Ill. App. 3d at 205), and there is no indication that the parties argued either a statutory violation or a statutory demand requirement.

The State cites *People v. Castro* (1982), 109 Ill. App. 3d 561, in support of its argument that the demand required by section 103—5(b) of the Code is an absolute prerequisite for the commencement of the speedy-trial term of a defendant on bond. In *Castro*, the defendant argued that his right to a speedy trial was violated with respect to a count which was filed over seven months after his arrest and over six months after the original information charging burglary was filed. (*Castro*, 109 Ill. App. 3d at 568.) The court held:

> "While the defendant persistently argues that the State waited over seven months before filing the theft count on the date that trial commenced on February 3, 1981, this does not bear upon the clear mandate of section 103—5(b)[,] which requires that we direct our examination only to the time elapsed between defendant's demand and subsequent trial." *Castro*, 109 Ill. App. 3d at 568.

In the present case, the defendants were out on bond and did not make a speedy-trial demand before filing the motions to dismiss. We cannot agree with the defendants that any of the cases cited creates an exception to section 103—5(b) of the Code, which clearly mandates that the speedy trial term begins to run when the defendants demand a speedy trial. Therefore, we find that there was no violation of the defendants' statutory right to a speedy trial.

■ However, since the defendants' motions to dismiss also alleged a constitutional violation, we must determine whether, using the standard enunciated in *Barker* (407 U.S. at 530, 33 L. Ed. 2d at 116-17, 92 S. Ct. at 2192), the defendants' were denied their sixth amendment right to a speedy trial. In *Barker*, the defendant brought a *habeas corpus* petition alleging that his sixth amendment right to a speedy trial was violated when he was not tried for more than five years after arrest due, in great part, to the prosecution's failure to try a coindictee whose testimony was needed to convict the defendant. (*Barker*, 407 U.S. at 518, 33 L. Ed. 2d at 110, 92 S. Ct. at 2186.) The Court identified four factors which should be assessed in determining whether a particular defendant has been deprived of his right: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. (*Barker*, 407 U.S. at 530, 33 L. Ed. 2d at 116-17, 92 S. Ct. at 2192.) The Court in *Barker* found that the following two factors outweighed the length and reason for the delay in prosecution: the prejudice was minimal, and the defendant did not want a speedy trial. *Barker*, 407 U.S. at 534, 33 L. Ed. 2d at 119, 92 S. Ct. at 2194.

■ In the present case, we note that the length of the delay in bringing the additional charges, nearly one year, crossed the threshold dividing ordinary from "presumptively prejudicial" delay. (*Barker*, 407 U.S. at 530-31, 33 L. Ed. 2d at 117, 92 S. Ct. at 2192.) In addition, the State's failure to give a reason for the delay also weighs in the defendants' favor.

However, like the Court in *Barker*, we find that the other two factors in the present case outweigh the deficiencies in the State's prosecution of the additional charges. The defendants cite two cases, *Belcher* (186 Ill. App. 3d 202), and *Doggett v. United States* (1992), 505 U.S. 647, 120 L. Ed. 2d 520, 112 S. Ct. 2686, in support of their argument that the defendants' speedy-trial rights were violated despite their failure to make a speedy-trial demand.

In both *Doggett* (505 U.S. at 653-54, 120 L. Ed. 2d at 529, 112 S. Ct. at 2691) and *Belcher* (186 Ill. App. 3d at 204), the defendants were completely unaware of any charges against them. In both cases, the courts did not weigh the defendants' failure to make a speedy-trial demand against them. *Doggett*, 505 U.S. at 653-54, 120 L. Ed. 2d at 529, 112 S. Ct. at 2691; *Belcher*, 186 Ill. App. 3d at 207.

In the present case, the defendants did not know that the three additional counts would be filed before trial. However, the defendants did know for over 11 months that charges were pending against them in connection with the same conduct and events; yet they made no speedy-trial demand. The defendants' failure to make such a demand weighs against them.

This leaves the final factor, prejudice to the defendant, to be considered. Unreasonable delay between formal accusation and trial can cause several types of prejudice to the defendant, including oppressive pretrial incarceration, anxiety and concern of the accused, dimming memories, and loss of exculpatory evidence. (*Barker*, 407 U.S. at 532, 120 L. Ed. 2d at 118, 92 S. Ct. at 2193.) As the Court stated in *Doggett*:

"[E]xcessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify. *** [S]uch presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria [citation][.] [I]t is part of the mix of relevant facts, and its importance increases with the length of delay.

* * *

To be sure, to warrant granting relief, negligence unaccompanied by particularized trial prejudice must have lasted longer than negligence demonstrably causing such prejudice." *Doggett*, 505 U.S. at 655-57, 120 L. Ed. 2d at 531-32, 112 S. Ct. at 2693-94.

In the present case, the defendants have failed to assert any particular prejudice. In fact, they were free on bond, they agreed to or requested several continuances for charges based on the same events as the new charges, and the trial court allowed them to withdraw their waiver of trial by jury. In *Doggett*, the Court found that, where there was a six-year delay in bringing the defendant to trial (six times that generally sufficient to trigger judicial review), and where the presumption of prejudice, although unspecified, was not extenuated or persuasively rebutted, the defendant was entitled to relief. (*Doggett*, 505 U.S. at 658, 120 L. Ed. 2d at 532, 112 S. Ct. at 2694.) In the present case where the delay was less than one year, close to the minimum which is generally sufficient to trigger judicial review, a more particularized showing of prejudice must be shown.

We find that the defendants' failure to demand a speedy trial and their failure to make a particularized showing of prejudice caused by the delay outweigh the State's unexplained delay in bringing the defendants to trial. Therefore, we find that there was no violation of the defendants' sixth amendment right to a speedy trial.

For the foregoing reasons, the orders of the circuit court of Kane County dismissing counts III, IV, and V of the informations are reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

INGLIS, P.J., and GEIGER, J., concur.