THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CURTIS SINGLETON, Defendant-Appellant.

First District (3rd Division)   No. 1—95—0826

Opinion filed February 29, 1996.

Rita A. Fry, Public Defender, of Chicago (Mark Floyd Pasterski, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, William D. Carroll, and Michael J. McGrath, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GREIMAN delivered the opinion of the court:

Following a 50-month delay between indictment and arrest, defendant Curtis Singleton was convicted for the offense of delivery of a

controlled substance and received a six-year term of imprisonment. Prior to trial, the court denied defendant's motion to dismiss the indictment which was based on the delay between indictment and arrest. The sole issue presented on appeal is whether defendant's constitutional right to a speedy trial was violated by reason of the 50-month delay between indictment and arrest.

We reverse defendant's conviction and find that, under the facts of the present case, the more than four-year delay violated defendant's speedy trial rights.

At the same time on November 17, 1989, defendant was indicted in three consecutive indictments (89 CR 25510, 89 CR 25511 and 89 CR 25512). These indictments are referred to as the 10, 11 and 12 cases, respectively. Each indictment charged the same offense, i.e., delivery of a controlled substance. Each indictment arose from the same undercover police investigation and with the same undercover police officer, Michael Cooper. The three indictments arose from drug transactions that occurred on three different dates: September 7, 1988 (the 12 case); December 8, 1988 (the 11 case); and May 26, 1989 (the 10 case). The 10 case is the charge and conviction at issue in the instant appeal.

In December 1989, defendant was arrested and charged on the 11 and 12 cases only. At this time, defendant was not informed about or served with any documents regarding the 10 case. On January 19, 1990, defendant pled guilty to the two offenses charged and received 18 months' felony probation on each case, the sentences to run concurrently.

On April 10, 1991, a petition for violation of probation was filed and allowed. A warrant was also issued for violation of probation.

In 1992, defendant was arrested four times, i.e., on February 28, March 26, May 20 and September 17, according to his criminal history sheet in the record.

On January 19, 1994, defendant was arrested for the 10 case. This date of arrest occurred almost four years and eight months after the alleged drug transaction (May 26, 1989) and four years and two months after the indictment was filed (November 17, 1989).

Defendant filed a motion to dismiss the indictment on the 10 case based on constitutional and statutory grounds. At the hearing on defendant's motion to dismiss the indictment, defendant testified that he was in custody during the pendency of the 11 and 12 cases, which would be at least three weeks, i.e., from December 29, 1989, until January 19, 1990. During the term of his probation, defendant had a probation officer and lived in Chicago. When asked about the 10 case, defendant testified that he had "no idea" where he was on May 26, 1989, and doesn't "even remember that date."

The State admitted that the execution of the warrant in January 1994 was the first time defendant knew of the indictment in the 10 case. The State further admitted that the State at no time notified defendant of the charges against him in the 10 case, even though he was at one time in the State's custody and, at other times, reachable through the State's probation department. Furthermore, the State conceded that it had proceeded with a prosecution pursuant to the same investigation and had obtained consecutive indictment numbers.

At the hearing, however, the State attempted to argue that "there was a violation of probation warrant issued for the defendant," suggesting that defendant was a fugitive during part of the 50-month delay. The trial court sustained defendant's objection to such argument because it was not in evidence.

Following defendant's testimony and counsel's arguments, the trial court denied defendant's motion to dismiss the indictment. In its ruling, the trial court characterized defendant's arguments regarding prejudice as conclusionary allegations that are not provable, found that memory lapse due to the passage of time is inherent in any case, and stated that defendant's prejudice allegations would be further complicated if he was a fugitive for a time. The trial court held:

> "The time lapse is not such that the *Doggett* doctrine is to be applied. There is no presumptive prejudicial delay in this case."

The trial court subsequently denied defendant's motion to reconsider. Following a bench trial on January 25, 1995, defendant was convicted in the 10 case and sentenced to six years in prison.

Defendant asserts that the trial court's denial of his motion to dismiss the indictment must be reversed because his speedy trial rights were violated by a 50-month delay between indictment and arrest.

The State contends that defendant's constitutional right to a speedy trial was not violated because defendant was responsible for some of the delay, the length of the delay did not presumptively prejudice defendant's defense and defendant failed to prove actual prejudice.

■ The Federal and Illinois Constitutions guarantee a right to a speedy trial. *People v. Staten*, 159 Ill. 2d 419, 426, 639 N.E.2d 550 (1994); U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8; see also *People v. Jones*, 104 Ill. 2d 268, 286, 472 N.E.2d 455 (1984) (the constitutional right and statutory right to a speedy trial are not coextensive).

The United States Supreme Court established four factors to as-

sess speedy trial claims in *Barker v. Wingo*, 407 U.S. 514, 530, 33 L. Ed. 2d 101, 116-17, 92 S. Ct. 2182, 2192 (1972): (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. In *Barker* the Supreme Court rejected the defendant's speedy trial claim, finding that the defendant did not want a speedy trial and the prejudice was minimal.

The Supreme Court subsequently applied the *Barker* test in *Doggett v. United States*, 505 U.S. 647, 120 L. Ed. 2d 520, 112 S. Ct. 2686 (1992). In *Doggett* the Supreme Court held that the defendant's speedy trial rights had been violated where an 8$^1$/$_2$-year delay existed between indictment and arrest; the federal government acted negligently in making no serious effort to find the defendant; the defendant was not aware of the indictment before his arrest; and prejudice was presumed.

■ The first inquiry in the *Barker* analysis is whether the delay is presumptively prejudicial. If a delay is presumptively prejudicial, then the court should balance the remaining three factors. *People v. Prince*, 242 Ill. App. 3d 1003, 1008, 611 N.E.2d 105 (1993), citing *People v. Belcher*, 186 Ill. App. 3d 202, 542 N.E.2d 419 (1989).

For the purpose of the first prong of the *Barker* test, one year is the generally recognized dividing point between ordinary and presumptively prejudicial delay. *People v. Lock*, 266 Ill. App. 3d 185, 191, 640 N.E.2d 334 (1994), citing *Barker*, 407 U.S. at 530-31, 33 L. Ed. 2d at 117, 92 S. Ct. at 2192. In *Doggett*, the United States Supreme Court observed that the lower courts have generally found post-accusation delay to be presumptively prejudicial at least as it approaches one year. *Doggett*, 505 U.S. at 652 n.1, 120 L. Ed. 2d at 528 n.1, 112 S. Ct. at 2691 n.1. The Supreme Court further advised that in this threshold context the term " 'presumptive prejudice' *** simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry." *Doggett*, 505 U.S. at 652 n.1, 120 L. Ed. 2d at 528 n.1, 112 S. Ct. at 2691 n.1.

We find that a more than four-year delay between indictment and arrest satisfies the first *Barker* factor and thus suffices to trigger the speedy trial analysis.

Regarding the reason for the delay, defendant asserts that the State is more to blame for the delay because it knew where defendant was on numerous occasions and it offered no evidence to support its speculation that he was a fugitive.

The State argues that defendant was responsible for more than half of the delay because he violated his probation and became a fugitive. The State maintains that it did not know where defendant was while he was a fugitive for about 32 months.

The burden to provide a justifiable reason for the delay rests with the State. *Prince*, 242 Ill. App. 3d at 1008. While a deliberate attempt on the part of the State to delay a prosecution to hinder the defense will be weighed heavily against the State, even a neutral reason must also be weighed against the State rather than the defendant. *Belcher*, 186 Ill. App. 3d at 202.

The State must bear the blame where its failure to seek an indicted person arises from its own faulty police procedure, negligence or incompetence. See *Doggett*, 505 U.S. at 652-53, 120 L. Ed. 2d at 528-29, 112 S. Ct. at 2690-91; *People v. Yaeger*, 84 Ill. App. 3d 415, 421, 406 N.E.2d 555 (1980); *People v. Nichols*, 60 Ill. App. 3d 919, 925, 377 N.E.2d 815 (1978).

In the present case, the State's explanation for the delay rests on the alleged fugitive status of defendant after a petition for violation of probation was filed in April 1991. We find this explanation woefully inadequate to constitute a justifiable reason for the four-year delay. The record reveals that defendant was in custody numerous times after the indictment issued in November 1989 and, perhaps most notably, the State proceeded on the 11 and 12 cases while ignoring the 10 case. Moreover, defendant was in custody four times during the period in which the State claims defendant was a fugitive.

In addressing this issue at oral argument, the State speculated that the delay may have been caused by a computer flaw or human error or clerical mistake. The State acknowledged that it would have wanted to handle the 10 case in conjunction with the 11 and 12 cases but, essentially, the 10 case slipped through the cracks. Where the government investigators failed to make any serious effort to locate the defendant in *Doggett*, the Supreme Court upheld a finding of negligence and observed:

> "While the Government's lethargy may have reflected no more than Doggett's relative unimportance in the world of drug trafficking, it was still findable negligence, and the finding stands." *Doggett*, 505 U.S. at 653, 120 L. Ed. 2d at 529, 112 S. Ct. at 2691.

Regarding the third *Barker* factor, the failure of the defendant to request a speedy trial is ordinarily weighed heavily against the defendant. *Prince*, 242 Ill. App. 3d at 1009. However, the third factor is irrelevant "where the defendant did not know about the charges against him." *People v. Chambers*, 258 Ill. App. 3d 73, 80, 629 N.E.2d 606 (1994). In the present case, the State expressly admitted in its response to defendant's motion to dismiss indictment that the "execution of the warrant in 1994 was the first the defendant knew of the indictment at the bar." Accordingly, we find that the third factor is irrelevant.

The fourth and final factor requires the court to assess the prejudice to the defendant. Defendant argues that prejudice should be presumed due to the length of the delay.

The Supreme Court in *Doggett* found that

"affirmative proof of particularized prejudice is not essential to every speedy trial claim. *** [W]e generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify. While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria [citation], it is part of the mix of relevant facts, and its importance increases with the length of delay." *Doggett*, 505 U.S. at 655-56, 120 L. Ed. 2d at 530-31, 112 S. Ct. at 2692-93.

Protracted delay can make it unnecessary for a defendant to show actual prejudice. *Doggett*, 505 U.S. at 656-58, 120 L. Ed. 2d at 531-32, 112 S. Ct. at 2693-94; *Prince*, 242 Ill. App. 3d at 1003 (over eight-year delay). However, where the delay is less than one year a more particularized showing of prejudice must be shown. *Lock*, 266 Ill. App. 3d at 192.

The range of delays that Illinois courts have considered presumptively prejudicial is: 29 months (*Belcher*, 186 Ill. App. at 207); 31 months (*Yaeger*, 84 Ill. App. 3d at 418); and 33 months (*Nichols*, 60 Ill. App. 3d at 924).

In the present case, the delay was so prolonged and the factors weigh so heavily against the State, we find that prejudice to defendant should be presumed.

For all the foregoing reasons, we find that the trial court abused its discretion in denying defendant's motion to dismiss the indictment. Accordingly, we reverse defendant's conviction and dismiss the indictment.

Reversed and indictment dismissed.

RIZZI, P.J., and TULLY, J., concur.