THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY CRANE, Defendant-Appellant.

First District (2nd Division)   No. 1—97—1493

Opinion filed September 21, 1999.

Michael J. Pelletier and Patricia Mysza, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, James E. Fitzgerald, and Veronica X. Calderon, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNULTY delivered the opinion of the court:
In this case we address a question concerning the effect on the

right to a speedy trial of delay in issuing a mandate for retrial. We find that, under the facts of this case, an unexplained delay of 11 months violated the defendant's constitutional rights.

On October 17, 1989, a fire damaged much of William McHugh's tavern. McHugh died the next day from injuries he suffered in the fire. In May 1990 a grand jury indicted defendant, Anthony Crane, for aggravated arson and the murder of McHugh. A jury found defendant guilty as charged and the trial court sentenced him to natural life imprisonment. This court reversed the conviction and remanded for retrial by opinion dated May 28, 1993.

The Illinois Supreme Court denied leave to appeal on October 6, 1993, and the United States Supreme Court denied *certiorari* on February 28, 1994. The case did not progress until February 2, 1995, when the clerk of this court reissued our mandate. The trial court's statement of disposition indicates that throughout the appeals process and until retrial, defendant remained incarcerated and "SERVING SENTENCE" on this charge, despite reversal of the conviction.

The trial court received the reissued mandate on February 8, 1995. The prosecution admits it is responsible for the delay from that time until March 15, 1995. The parties dispute responsibility for the postponement to March 21, but defendant admits he agreed to a delay from March 21 until May 31, 1995, when he demanded trial. The prosecution also admits responsibility for postponements, on its motions, from May 31 to July 31, 1995. On that date defendant moved to dismiss the indictment for violation of his constitutional right to a speedy trial. By that time 26 months had elapsed since this court issued the opinion remanding the case for retrial.

At the hearing on September 7, 1995, the prosecutor recounted the appeals process up to February 28, 1994, but she presented no excuse for at least 11 months of the delay, between the denial of *certiorari* and the reissuance of the mandate. The record shows the United States Supreme Court sent notice of its decision on February 28, 1994, and the prosecutor did not deny timely receipt of that notice. Nor did she present evidence of any appellate judicial proceedings pending in the 11 months preceding issuance of the mandate. The prosecutor argued only that defendant was trying to require the

> "State's Attorney's Office to somehow get the case out of the Appellate Court's hands ***.
> ***
> [Prosecutors] did nothing to deny this defendant his constitutional rights with regards to a speedy trial."

The court, without comment or explanation, denied the defendant's motion to dismiss.

The new jury found defendant guilty as charged. The trial court sentenced him to 75 years in the custody of the Department of Corrections for murder and 30 years, to be served concurrently, for the aggravated arson.

■ ■ On appeal defendant contends that the court should have granted his motion to dismiss for violation of his constitutional right to a speedy trial. The courts must retry within a reasonable time any defendant subject to a second trial for an offense. *People v. Bazzell*, 68 Ill. 2d 177, 181, 369 N.E.2d 48 (1977).

> "The constitutional right to a speedy trial cannot be defined in terms of a precise period of time. [Citation.] The record in its totality must be examined to ascertain whether the defendant has enjoyed the right guaranteed by the constitution. [Citation.]
>
> * * *
>
> *** [I]n deciding whether there has been a breach of the constitutional right of speedy trial four factors should be considered: the length of the delay; the reasons for the delay; the prejudice to the defendant; and whether the defendant may be considered as having waived the right." *Bazzell*, 68 Ill. 2d at 181-82.

■ From the time of the initial order for retrial to the hearing on the motion to dismiss, 26 months elapsed. This time period is long enough for us to presume prejudice. *People v. Lock*, 266 Ill. App. 3d 185, 191, 640 N.E.2d 334 (1994). The prosecution bears the burden of justifying the delay. *People v. Prince*, 242 Ill. App. 3d 1003, 1008, 611 N.E.2d 105 (1993). "A defendant need only show that the delay was not attributable to his actions." *Prince*, 242 Ill. App. 3d at 1009.

■ The Illinois Supreme Court and the United States Supreme Court kept the prosecution's appeal under consideration until February 28, 1994, fully justifying the first nine months of the delay. See *People v. Alerte*, 239 Ill. App. 3d 1050, 1056, 608 N.E.2d 1 (1992). Appellate judicial proceedings ended on February 28, 1994. See *McCord v. Briggs & Turivas*, 338 Ill. 158, 168-70, 170 N.E. 320 (1930) (mandate, which communicates appellate decision to trial court, is not part of the judgment); *PSL Realty Co. v. Granite Investment Co.*, 86 Ill. 2d 291, 305, 427 N.E.2d 563 (1981) (federal court could assume jurisdiction over property following discharge of receiver at completion of part of state judicial proceedings; date of state appellate court's judgment, not date of mandate, controlled); *In re Edge*, 33 Cal. App. 3d 149, 154, 108 Cal. Rptr. 757, 760-61 (1973). The record shows no justification for the 11 months of delay prior to the normally automatic, ministerial act of reissuance of this court's mandate. See *Miller v. Bloomberg*, 126 Ill. App. 3d 332, 466 N.E.2d 1342 (1984).

The prosecution argues in its brief that this period should not

count as unexcused delay because "there is no indication that this Court or for that matter the People intended to circumvent defendant's speedy trial rights as a result of this delay." The prosecution's argument ignores the burden of justification for delays. "[A] neutral reason must also be weighed against the State rather than against the defendant." *People v. Belcher*, 186 Ill. App. 3d 202, 206, 542 N.E.2d 419 (1989). The prosecution correctly conceded at oral argument on appeal that this delay must count against the State.

The government, including the State's Attorney, is responsible for bringing a defendant to retrial, even if the prosecution needs to monitor appeals and move for the issuance of a mandate following completion of the appeals process. In a leading case on the right to speedy trial, the Supreme Court held:

"A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Barker v. Wingo*, 407 U.S. 514, 531, 33 L. Ed. 2d 101, 117, 92 S. Ct. 2182, 2192 (1972).

Accordingly we must weigh against the government the entire 11-month delay between the completion of judicial proceedings and the issuance of this court's mandate for retrial. The prosecution admits its responsibility for three months of the remaining six-month delay, but the prosecution provided an acceptable explanation for those three months.

The defendant shares responsibility for about three months of the 26-month delay. While the prosecution adequately explained 12 months of the delay, no explanation covers the 11 months between the completion of judicial proceedings and issuance of the mandate.

The Supreme Court also explained the kinds of prejudice the court must consider for assessing the constitutional right to a speedy trial.

"Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. ***

We have discussed previously the societal disadvantages of lengthy pretrial incarceration, but obviously the disadvantages for the accused who cannot obtain his release are even more serious. The time spent in jail awaiting trial has a detrimental impact on the individual. It often means loss of a job; it disrupts family life;

and it enforces idleness. Most jails offer little or no recreational or rehabilitative programs. The time spent in jail is simply dead time. Moreover, if a defendant is locked up, he is hindered in his ability to gather evidence, contact witnesses, or otherwise prepare his defense." *Barker*, 407 U.S. at 532-33, 33 L. Ed. 2d at 118, 92 S. Ct. at 2193.

Here, defendant remained incarcerated throughout the entire 26-month period from our remand to the hearing on his motion to dismiss the indictment for violation of his right to a speedy trial. Court records indicate he was "SERVING SENTENCE" for this offense during the 26-month period. Under *Barker* we must conclude that the delay severely prejudiced defendant.

For waiver, the prosecution must show that defendant intentionally relinquished a known right. *Barker*, 407 U.S. at 525, 33 L. Ed. 2d at 114, 92 S. Ct. at 2189; *People v. Robinson*, 66 Ill. App. 3d 601, 606-07, 384 N.E.2d 420 (1978). Defendant asserted his right to a speedy trial on May 31, 1995, shortly after the trial court regained jurisdiction over the case. Two months later he moved for dismissal due to violation of that right. During the 11 months between the denial of *certiorari* and the reissuance of this court's mandate, defendant did nothing. However, "A defendant has no duty to bring himself to trial; the State has that duty ***." *Barker*, 407 U.S. at 527, 33 L. Ed. 2d at 115, 92 S. Ct. at 2190. We find nothing in defendant's inaction while in prison to demonstrate an intent to relinquish a known right. Until the trial court regained jurisdiction, with the issuance of the mandate, defendant may not have recognized any obvious forum in which he could assert his right to a speedy trial.

Considering all of the relevant factors, we find little to balance. From the initial remand to the hearing on the motion to dismiss, 26 months passed. The prosecution presented nothing to meet its burden of establishing justification for at least 11 of those months. Because defendant remained incarcerated throughout the delay, he suffered substantial prejudice, and the record provides no proof of a waiver of the right to a speedy trial.

In *State v. Ferguson*, 576 So. 2d 1252 (Miss. 1991), the prosecution presented no acceptable reason for a delay of less than 10 months following the Mississippi Supreme Court's reversal of the defendant's conviction. The supreme court found the unexcused delay required dismissal for violation of the defendant's constitutional right to a speedy trial. We too find the prolonged unexcused delay here requires dismissal of the indictment.

Although the remedy of dismissal may seem severe, as the court held in *Barker*, 407 U.S. at 522, 33 L. Ed. 2d at 112, 92 S. Ct. at 2188,

"it is the only possible remedy." The Illinois Constitution does not permit the government to hold a defendant in prison for 11 months following completion of appellate judicial review, while doing absolutely nothing to advance his case to retrial. Ill. Const. 1970, art. I, § 8. Because the prosecution established no excuse for the lengthy delay, the trial court committed reversible error by denying the motion to dismiss the charges for violation of defendant's constitutional right to a speedy trial. Accordingly, the conviction is reversed and the indictment is dismissed.

Reversed.

GORDON and RAKOWSKI, JJ., concur.